# EXHIBIT A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>2277CV00143B | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): Michael Tillinghast | COUNTY |
|---|---|
| ADDRESS: 98 Newbury Street, Danvers, MA 01923 | Essex |

DEFENDANT(S): Makita U.S.A., Inc., Makita Corporation and Makita Corporation of America, Inc.

| ATTORNEY: Richard J. Sullivan/James M. McLaughlin |
|---|
| ADDRESS: Sullivan & Sullivan, 83 Walnut Street, Wellesley, MA 02481 |

ADDRESS: Makita U.S.A.: 14930-C Northam Street, La Miranda, CA 90638

Makita Corporation: 3-11-8 Sumiyosi-cho, Anjo, Aichi 446-8502, Japan

Makita Corporation of America: 2650 Buford Highway, Buford, Georgia 30518

BBO: 554085/676079

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO.<br>B05 | TYPE OF ACTION (specify)<br>Products Liability | TRACK<br>A | HAS A JURY CLAIM BEEN MADE?<br>[X] YES    [ ] NO |
|---|---|---|---|

*If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

*The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.*

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ............................................................................................................ $ 269,298.88
   2. Total doctor expenses ............................................................................................................. $ _____
   3. Total chiropractic expenses .................................................................................................... $ _____
   4. Total physical therapy expenses ............................................................................................ $ _____
   5. Total other expenses (describe below) .................................................................................. $ _____
   
   Subtotal (A): $ 269,298.88

B. Documented lost wages and compensation to date ................................................................... $ 0
C. Documented property damages to dated .................................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ................................................. $ 50,000.00
E. Reasonably anticipated lost wages ............................................................................................. $ _____
F. Other documented items of damages (describe below) .............................................................. $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$ 319,298.88

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $ _____

Signature of Attorney/Pro Se Plaintiff: X _____     Date: 2/7/22

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____     Date: 2/7/22

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
C.A. NO. 2277CV00143 B

---

MICHAEL TILLINGHAST,                         )
                                              )
        Plaintiff                         )
                                              )
v.                                            )
                                              )
MAKITA U.S.A, INC., MAKITA                    )
CORPORATION, AND MAKITA                       )
CORPORATION OF AMERICA, INC.                  )
                                              )
        Defendants                        )
                                              )

---

## COMPLAINT AND JURY DEMAND

Plaintiff, Michael Tillinghast ("Plaintiff"), by the undersigned attorneys, as and for his

Complaint herein allege as follows:

## PRELIMARY STATEMENT

1. This is an action for damages arising from the severe and disfiguring personal injuries

   suffered by Plaintiff while operating a table saw manufactured, sold and distributed by

   defendants Makita U.S.A., Inc. ("Makita USA"), Makita Corporation ("Makita Japan"),

   and Makita Corporation of America, Inc. ("Makita America") (together "the Defendants"

   or "Makita").

## THE PARTIES

2. The plaintiff, Michael Tillinghast, is an individual who resides at 98 Newbury Street,

   Danvers, Essex County, Massachusetts.

3.  Upon information and belief, Defendant Makita USA is a California corporation, maintaining its principal place of business at 14930-C Northam Street, La Miranda, California 90638.

4.  Upon information and belief, Makita America is a Georgia corporation maintaining its principal place of business at 2650 Buford Hwy, Buford, Georgia, 30518.

5.  Upon information and belief, Makita Japan is a Japanese corporation with a principal place of business of 3-11-8 Sumiyosi-cho, Anjo, Aichi 446-8502, Japan.

6.  Upon information and belief, Makita USA is the wholly-owned subsidiary of Makita Japan, while the manufacturer, Makita America, is 80% owned by Makita USA. Makita is a large corporation that sells power tools throughout the United States.

## JURISDICTION & VENUE

7.  This Court has personal jurisdiction over the Defendants because Plaintiff's claims arise from the Defendants':

    a.  causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts.

## FACTS

8. Upon information and belief, on or about the year 1997, Makita was the designer, manufacturer, tester, supplier, seller and/or distributor of a Model 2708 8-inch Makita brand table saw with a serial number of 93554A (hereinafter the "Subject Saw") and had distributed, supplied and/or sold the Subject Saw.

9. The Defendants, as manufacturers and distributors of power saws failed to equip the Subject Saw with anti-restart protections.

10. When an electrical power interruption to equipment occurs, anti-restart protection prevents the equipment from restarting once the power source is restored.

11. The Occupational Safety and Health Administration requires anti-restart protection on all woodworking machinery, such as the Subject Saw.

12. On September 7, 2019, the Plaintiff was injured while using the Subject Saw.

13. The Subject Saw lost power while the Plaintiff was using it to cut wood.

14. After the Subject Saw lost power, the Plaintiff removed a piece of wood that was between the Subject Saw's fence and blade.

15. As the Plaintiff was removing the wood, the saw unexpectedly turned on and cut the Plaintiff's right hand.

16. At the time of the accident, the Plaintiff was exercising all due care for his own safety.

## COUNT I
### (Negligence Against all Defendants)

17. The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 16 and incorporates each as if fully set forth herein.

3

18. Makita was negligent with respect to the designing, manufacturing, testing, inspecting, distributing and selling of the Subject Saw and was negligent with respect to equipping the Subject Saw with adequate safeguards, warnings and/or instructions.

19. As the direct and proximate results of Makita's said negligence, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses and his ability to engage in normal and usual activities has been adversely affected.

## COUNT II
### (Implied Warranty Against all Defendants)

20. The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 19 and incorporates each as if fully set forth herein.

21. Makita impliedly warranted pursuant to Mass. Gen. Law c. 106, § 2-314 to plaintiff that the Subject Saw and its component parts were merchantable, safe and fit for ordinary purposes. Defendants are merchants with respect to goods of the kind involved in the incident. The product, component parts of the product and product warning and instructions were defective, and therefore the product was not, in fact merchantable, safe and fit as warranted by the Defendants. Defendants therefore breached these warranties to the Plaintiff.

22. As the direct and proximate result of Defendants said breach of warranty, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses and his ability to engage in normal and usual activities has been adversely affected.

4

## COUNT III
### (Strict Liability Against All Defendants)

23. The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 22 and incorporates each as if fully set forth herein.

24. Defendants placed the Subject Saw that injured the Plaintiff on the market, knowing that it would be used without inspection for defect.

25. The Subject Saw that was placed on the market by Defendants and which injured the Plaintiff was defective.

26. The defect in the Subject Saw caused Plaintiff's injury, causing Plaintiff to sustain severe and permanent physical injury and great pain of body and mind, to require extensive hospital and medical care and treatment and medical expenses and impaired his ability to engage in normal and usual activities.

WHEREFORE, the Plaintiff demands judgment against the Defendants Makita USA, Makita Japan and Makita America, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

**THE PLAINTIFF CLAIMS TRIAL BY JURY**

5

Respectfully submitted,

Richard J. Sullivan, BBO#554085
James M. McLaughlin, BBO#676079
**SULLIVAN & SULLIVAN LLP**
83 Walnut Street
Wellesley, Massachusetts 02481
Ph:     (781) 263-9400
Fax:    (781) 239-1360
Email: rsullivan@sullivanllp.com
        jmclaughlin@sullivanllp.com

Dated: February 7, 2022

6